IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF MICHAEL C. NOVI, BAR NO. 8212. | No. 76903 |

FILED

NOV 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney Michael C. Novi be suspended from the practice of law for four years for four violations of RPC 1.3 (diligence), two violations of RPC 1.4 (communication), two violations of RPC 1.5 (fees), one violation of RPC 1.15 (safekeeping property), three violations of RPC 1.16 (declining or terminating representation), two violations of RPC 3.2 (expediting litigation), one violation of RPC 3.4 (fairness to opposing party and counsel), one violation of RPC 8.1 (disciplinary matters), and four violations of RPC 8.4 (misconduct).[1] Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The charges in the complaint are deemed admitted because Novi failed to answer the complaint and appear at the hearing.[2] SCR

---

[1]Novi is currently suspended. *In re Discipline of Novi*, Docket No. 75220 (Order of Suspension, July 19, 2018).

[2]The State Bar sent the bar complaint and notice of intent to take a default to Novi through certified mail at his SCR 79 address and an alternative address, as well as through email. Additionally, after the

18-903614

105(2). The admitted facts establish that Novi violated the above-referenced rules by engaging in the following conduct. Novi failed to perform legal services on behalf of two clients, communicate with them, or refund the fees they had paid. Additionally, Novi failed to submit a proposed order to the district court after he was ordered to do so and after he was ordered to show cause why he should not be held in contempt for failing to do so. At the contempt hearing, Novi was late and he asserted that he did not submit the proposed order because of a disagreement with opposing counsel on the language of the order, but opposing counsel testified at the disciplinary hearing that Novi never provided a proposed order to him. Additionally, Novi failed to appear on behalf of a criminal client on two occasions and was unreachable, causing the district court to appoint a public defender for Novi's client. Lastly, Novi failed to respond to the State Bar's requests for information regarding the grievances.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "exercise independent judgment," the panel's recommendations are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Novi knowingly violated duties to his clients (diligence, communication, safekeeping property, terminating representation, and

hearing occurred, but before the panel entered its recommendation, Novi was also personally served with the complaint.

expediting litigation) and the legal profession (fees, failing to respond to lawful requests for information by a disciplinary authority, and misconduct). Novi's misconduct caused injury to his clients and the integrity of the profession. Specifically, one of his clients was harmed because her petition to seal her criminal records was not filed and two of Novi's clients were harmed because he failed to reimburse fees to them after he failed to provide them legal services. The integrity of the profession was harmed because Novi failed to submit an order and falsely claimed he and opposing counsel disagreed about the order's language and because he failed to appear at criminal hearings on behalf of his clients resulting in the appointment of public defenders for his clients. The baseline sanction for Novi's violations before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"); *id.* at Standard 6.12 ("Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court . . . and takes no remedial action, and causes injury or potential injury to a party to the legal proceedings, or causes an adverse or potentially adverse effect on the legal proceedings"). The record supports the panel's findings of four aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and no mitigating circumstances.

Considering all the factors, we agree with the hearing panel that Novi's misconduct warrants suspension, but we disagree that it

warrants a four-year suspension. We conclude that a two-year suspension is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney Michael C. Novi from the practice of law in Nevada for a period of two years commencing from the date of this order. Novi shall pay $1,500 in restitution to Artemisa Ibarra and $1,500 in restitution to Geoffrey Grill within 30 days from the date of this order. Novi shall also pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.         _____, J.
Cherry                                 Gibbons

_____, J.         _____, J.
Pickering                          Hardesty

_____, J.         _____, J.
Parraguirre                      Stiglich

cc:    Chair, Northern Nevada Disciplinary Panel
       Michael C. Novi
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court